UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KAVIN LEE PEEPLES,
    Petitioner,

vs.

DONALD TRUMP,
    Respondent.

Case No. 1:20-cv-299

Barrett, J.
Bowman, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Petitioner, a prisoner at the Southern Ohio Correctional Facility, has filed a motion for leave to proceed *in forma pauperis* (Doc. 1) in connection with a "Petitioner for a Writ of Mandamus Compelling Presidential Action." Petitioner's motion for leave to proceed *in forma pauperis* is **GRANTED**. However, for the reasons set forth below, the Court **RECOMMENDS** that petitioner's petition for writ of mandamus (Doc. 1-1) be **DISMISSED without prejudice**.

Petitioner requests that the Court issue a writ of mandamus compelling the president of the United States to perform the following actions:

1. Make the petitioner a Federal Prisoner
2. Grant Petitioner Executive Clemency
3. Restore Petitioner as an employee of NASA.
4. Direct the Director of NASA Glenn Research Center to resume operations of equipment as his facility which is used in human medical experimentation in biological immunology.
    a. For the rapid development of a COVID-19 vaccine using that equipment
    b. For the testing of such a vaccine
    c. Development of a system form mass production of said vaccine by methods developed at NASA Glenn Research Center, Case Western Reserve School of Medicine, and the Cleveland Clinic Foundation.
5. Establish a nationwide vaccination program, using vaccine-X.

(Doc. 1-1 at PageID 57).

Petitioner has not met his burden of showing that such an extraordinary remedy is warranted in this case. *See Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980) (explaining that the "remedy of mandamus is a drastic one, to be invoked only in extraordinary

circumstances"). *See also Willis v. Sullivan*, 931 F.2d 390, 395 (6th Cir. 1991) ("A writ of mandamus is an extraordinary remedy, and is intended to provide a remedy only if the plaintiff has exhausted all other avenues of relief and the defendant owes the plaintiff a clear nondiscretionary duty."). Petitioner has not identified a clear, nondiscretionary duty on the part of respondent to make petitioner a federal prisoner, grant him clemency, restore his prior employment, or to carry out petitioner's other requested relief with respect to the COVID-19 virus. *See, e.g., Cotner v. Rodgers*, Civ. No. 08-319, 2008 WL 4722755, at *2 (E.D. Okla. Oct. 23, 2008) (noting that executive clemency does not amount to "a clear nondiscretionary duty").

Accordingly, because petitioner has failed to establish any basis upon which the Court could grant a writ of mandamus, the undersigned **RECOMMENDS** that the instant petition be summarily **DISMISSED without prejudice**.

### IT IS THEREFORE ORDERED THAT:

1. Petitioner's motion for leave to proceed in forma pauperis (Doc. 1) is **GRANTED**.

### IT IS THEREFORE RECOMMENDED THAT:

1. The petitioner's "Petitioner for a Writ of Mandamus Compelling Presidential Action" be **DISMISSED without prejudice**.

2. A certificate of appealability should not issue because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting

this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

       *s/Stephanie K. Bowman*
       Stephanie K. Bowman
       United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| KAVIN LEE PEEPLES,<br>　　　Petitioner,<br><br>vs.<br><br>DONALD TRUMP,<br>　　　Respondent. | Case No. 1:20-cv-299<br><br>Barrett, J.<br>Bowman, M.J. |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).